# Exhibit "A"

IN THE STATE COURT OF GWINNETT COUNTY ~~*Jana*~~ *Jana P. Adam*
STATE OF GEORGIA                                    CLERK OF STATE COUR

| | |
|---|---|
| **MONICA VELASQUEZ,** | |
| Plaintiff, | |
| vs. | CIVIL ACTION FILE NO.: **21-C-00428-S5** |
| **ANN TAYLOR RETAIL., INC.,** | |
| **AND** | |
| **JOHN DOES I-II,** | |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiff Monica Velasquez, by and through her undersigned counsel of record, and files this Complaint for damages against the above-named Defendants, and shows this Honorable Court as follows:

### BACKGROUND

1.

This is an action for the damages sustained by Plaintiff Monica Velasquez arising out of burn injuries sustained due to a dangerous hazard that was allowed to exist on the premises at the clothing retailer known as Ann Taylor located at 3675 Dallas Highway SW, Marietta, Cobb County, Georgia 30064, on January 19, 2019.

2.

On or about July 23, 2020, Ascena Retail Group, Inc. filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, Case No. 20-33113. At the time of the subject incident, Ann, Inc. operated as a subsidiary of Ascena Retail Group, Inc., and is the parent company of Ann Taylor.

3.

On December 21, 2020, Plaintiff filed a Notice and Motion for Relief from the Automatic Stay. An Order granting said Joint Motion is expected imminently. A true and correct copy of the Motion is attached hereto and incorporated herein as Exhibit A.

## PARTIES

4.

Plaintiff was at all times relevant to the instant litigation a citizen and domiciliary of the State of Georgia.

5.

Defendant Ann Taylor Retail, Inc. (hereinafter "Ann Taylor") is a foreign corporation organized and existing for the purpose of pecuniary gain and profit.

6.

Ann Taylor may be served with Summons and Complaint upon its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

7.

Once served with Summons and Complaint, Ann Taylor will be subject to the jurisdiction and venue of this Honorable Court.

8.

Defendants John Does I-II are persons whose identity are currently unknown, but through the course of discovery, may become known to the Plaintiff. Defendants John Does I-II were employees and/or agents of Defendant Ann Taylor at the time of the subject incident.

2

9.

Once the identities of Defendants John Does I-II are known, they will be substituted in place of John Does I-II, and once served with Summons and Complaint, will be subject to the jurisdiction and venue of this Honorable Court.

## JURISDICTON AND VENUE

10.

Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 9 of her Complaint in their entirety.

11.

This action is based upon Defendants' negligence for a tort committed within the State of Georgia at 3625 Dallas Highway SW, Marietta, Cobb County, Georgia 30064. This Court has jurisdiction over the subject matter of this lawsuit.

12.

Venue is proper in this judicial district and division as to Defendants based on O.C.G.A. § 14-2-510, O.C.G.A. § 9-10-91, and O.C.G.A. § 9-10-31.

## FACTS

13.

Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 12 of her Complaint in their entirety.

14.

At all times relevant hereto, Plaintiff Monica Velasquez was an invitee of Defendant Ann Taylor, located at 3625 Dallas Highway SW, Marietta, Georgia 30064.

15.

On January 19, 2019, Plaintiff was shopping at clothing retailer Ann Taylor, located at 3625 Dallas Highway SW, Marietta, Georgia 30064.

16.

On January 19, 2019, as Plaintiff traversed the premises and meandered through the racks examining the clothing, and wearing a long-sleeve jacket, she felt a searing pain on her left forearm, and discovered she had been burned by the steam of a portable garment steamer that had been left on and abandoned amongst the clothing racks.

17.

Plaintiff did not know of the existence of the hazardous and/or dangerous condition until after she had been burned.

18.

From the time Plaintiff entered Ann Taylor and until the time she was injured, there were no signs, barriers or any kind of warnings near the location at which Plaintiff was burned to warn Plaintiff of the dangerous condition that existed where she traversed.

19.

Plaintiff's burn resulted in bodily injury.

20.

As a result of Defendants' negligence, Plaintiff sustained injuries, including, but not limited to the following:

a.  Second-degree burn, left forearm;

b.  Post-inflammatory hyperpigmentation, left forearm; and

c.  Pain, left forearm.

4

21.

As a result of Defendants' negligence, Plaintiff underwent medical treatment. Despite the best efforts of the medical community, Plaintiff suffers from residual effects from the injuries sustained as a result of Defendants' negligence.

22.

Plaintiff has also incurred pain and suffering, both past and present, which is anticipated to continue into the indefinite future.

23.

As a direct and proximate result of the Defendants negligence as set forth above, Plaintiff sustained bodily injury, endured and continues to endure pain and suffering, and incurred medical expenses.

## **COUNT I – NEGLIGENCE**

24.

Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 23 of her Complaint in their entirety.

25.

Defendants owed a duty of ordinary care to Plaintiff to notify and warn her of the hazardous and/or dangerous condition that existed on the premises of Ann Taylor.

26.

Defendants knew or should have known of the existence of the hazardous and/or dangerous condition, and therefore were aware of the hazard that existed to persons entering Ann Taylor.

27.

As a result of hazardous and/or dangerous condition that existed on the premises of Ann Taylor, Defendants were negligent in the following particulars:

5

a. Failure to exercise ordinary care in keeping the premises and approaches safe pursuant to O.C.G.A. § 51-3-1;

b. Failure to protect invitees from harm and injury;

c. Failure to notify Plaintiff of the hazardous conditions that existed in the area;

d. Failure to notice a hazardous condition that existed in the area;

e. Creating or allowing a hazardous condition to exist by not unplugging or moving the portable garment steamer away from customer approaches on the premises of clothing retailer Ann Taylor;

f. Failure to post warning or other notices so Plaintiff and other such situated invitees knew of the dangerous condition; and

g. Failure to remedy or give warning to invitees such as Plaintiff of a dangerous condition.

## COUNT II - RESPONDEAT SUPERIOR AND AGENCY

28.

Plaintiff incorporates by reference, as if fully set forth herein, paragraphs numbered 1 through 27 of her Complaint in their entirety.

29.

Defendants John Does I-II acted negligently while in the course and scope of their employment and/or agency with Defendant Ann Taylor.

30.

Under Georgia law, the acts of a servant are the acts of the master and thus Defendant Ann Taylor is responsible for the negligent and wrongful acts of Defendants John Does I-II.

6

31.

Georgia law places a duty on a business owner to protect against negligence committed by an employee of the business owner when the employee commits a tortious act while in the execution and scope of the owner's business.

32.

Every employer shall be liable for torts committed by a servant by his command on in the course and scope of the employer's business, whether the same is committed intentionally or negligently.

33.

Under Georgia law, an employer is responsible for torts committed by his employee when the employee does not exercise an independent business and is subject to the immediate direction and control of the employer.

## COUNT III - NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

34.

Plaintiff incorporates by reference, as if set fully set forth herein, paragraphs numbered 1 through 33 of her Complaint in their entirety.

35.

Defendant Ann Taylor had a duty to retain its employees and/or agents in a reasonable and prudent manner.

36.

Defendant Ann Taylor also had a duty of ordinary care to the public in general and to Plaintiff Monica Velasquez to hire, train and supervise its employees and/or agents to ensure the

7

appropriate standard of care was adhered to with respect to the performance of maintaining safe approaches on the premises for customers.

WHEREFORE, Plaintiff prays for the following:

a. That a Summons and Complaint be issued requiring Defendants be served as provided by law requiring Defendants to answer this Complaint;

b. That Plaintiff have a trial by a fair and impartial jury as provided by law;

c. That Plaintiff obtain a judgment against Defendants in a sum in excess of $15,000 to compensate her for her general and special damages; and

d. For such other relief as this Honorable Court deems just and proper.

This the 19th day of January, 2021.

Respectfully submitted,

KATHRYN F. BURMEISTER
Georgia State Bar No. 367424

Burmeister Law Firm, LLC
300 Colonial Center Parkway, Suite 100
(770) 450-1155
(478) 238-0598 (fax)
kathryn@burmeisterlawfirm.com

8

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
21-C-00428-S
1/19/2021 9:46 PI

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

Tiana P. Garner CLERK OF STATE COUR

**MONICA VELASQUEZ**

CIVIL ACTION
NUMBER:_____ **21-C-00428-S5**

PLAINTIFF

VS.

**ANN TAYLOR RETAIL, INC.**

**JOHN DOES I-II**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

KATHRYN F. BURMEISTER, ESQ.
BURMEISTER LAW FIRM
300 COLONIAL CENTER PARKWAY, SUITE 100
ROSWELL, GA 30076

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____**19TH**____ day of ____**JANUARY**____, 20**21**__.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-00428-S
1/19/2021 9:46 PM
CLERK OF STATE COURT

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of GWINNETT County

**For Clerk Use Only**

**Date Filed** ______________ (MM-DD-YYYY) **Case Number** 21-C-00428-S5

| Plaintiff(s) | Defendant(s) |
|---|---|
| VELASQUEZ, MONICA | ANN TAYLOR RETAIL, INC. |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |
| | JOHN DOES I-II |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |
| | |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |
| | |
| Last / First / Middle I. / Suffix / Prefix | Last / First / Middle I. / Suffix / Prefix |

**Plaintiff's Attorney** KATHRYN F. BURMEISTER, ESQ. **Bar Number** 367424 **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

______________ Case Number ______________ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. ______________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

______________________________________________

______________________________________________

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
21-C-00428-S
2/16/2021 4:03 AI

IN THE STATE COURT OF GWINNETT COUNTY *Tiana* CLERK OF STATE COUR
STATE OF GEORGIA

| | |
|---|---|
| **MONICA VELASQUEZ,** | |
| Plaintiff, | |
| vs. | CIVIL ACTION FILE NO.: 21-C-00428-S5 |
| **ANN TAYLOR RETAIL, INC.,** | |
| **AND** | |
| **JOHN DOES I-II,** | |
| Defendants. | |

## AMENDED COMPLAINT

COMES NOW Plaintiff Monica Velasquez, by and through her undersigned counsel of record, files this Amended Complaint pursuant to O.C.G.A. § 9-11-15 and 11 U.S. Code § 108(c), and shows this Honorable Court as follows:

### BACKGROUND

1.

This is an action for the damages sustained by Plaintiff Monica Velasquez arising out of burn injuries sustained due to a dangerous hazard that was allowed to exist on the premises at the clothing retailer known as Ann Taylor located at 3675 Dallas Highway SW, Marietta, Cobb County, Georgia 30064, on January 19, 2019.

2.

On or about July 23, 2020, Ascena Retail Group, Inc. filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, Case No. 20-33113. At the time of the subject incident, Ann, Inc. operated as a subsidiary of Ascena Retail Group, Inc., and is the parent company of Ann Taylor.

3.

On December 21, 2020, Plaintiff filed a Notice and Motion for Relief from the Automatic Stay. An Order granting said Joint Motion is expected imminently. A true and correct copy of the Motion is attached hereto and incorporated herein as Exhibit A.

4.

On January 19, 2021, Plaintiff filed the instant action. A true and correct copy of the Complaint is attached hereto and incorporated herein as Exhibit B.

5.

On January 21, 2021, the Joint Motion for Relief from the Automatic Stay was granted. A true and correct copy of the Order is attached hereto and incorporated herein as Exhibit C.

## PARTIES

6.

Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 5 of her Amended Complaint in their entirety.

7.

Plaintiff was at all times relevant to the instant litigation a citizen and domiciliary of the State of Georgia.

8.

Defendant Ann Taylor Retail, Inc. (hereinafter "Ann Taylor") is a foreign corporation organized and existing for the purpose of pecuniary gain and profit.

2

9.

Ann Taylor may be served with Summons and Complaint upon its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

10.

Once served with Summons and Complaint, Ann Taylor will be subject to the jurisdiction and venue of this Honorable Court.

11.

Defendants John Does I-II are persons whose identity are currently unknown, but through the course of discovery, may become known to the Plaintiff. Defendants John Does I-II were employees and/or agents of Defendant Ann Taylor at the time of the subject incident.

12.

Once the identities of Defendants John Does I-II are known, they will be substituted in place of John Does I-II, and once served with Summons and Complaint, will be subject to the jurisdiction and venue of this Honorable Court.

## **JURISDICTON AND VENUE**

13.

Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 12 of her Amended Complaint in their entirety.

14.

This action is based upon Defendants' negligence for a tort committed within the State of Georgia at 3625 Dallas Highway SW, Marietta, Cobb County, Georgia 30064. This Court has jurisdiction over the subject matter of this lawsuit.

3

15.

Venue is proper in this judicial district and division as to Defendants based on O.C.G.A. §
14-2-510, O.C.G.A. § 9-10-91, and O.C.G.A. § 9-10-31.

## **FACTS**

16.

Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 15 of
her Amended Complaint in their entirety.

17.

At all times relevant hereto, Plaintiff Monica Velasquez was an invitee of Defendant Ann
Taylor, located at 3625 Dallas Highway SW, Marietta, Georgia 30064.

18.

On January 19, 2019, Plaintiff was shopping at clothing retailer Ann Taylor, located at
3625 Dallas Highway SW, Marietta, Georgia 30064.

20.

On January 19, 2019, as Plaintiff traversed the premises and meandered through the racks
examining the clothing, and wearing a long-sleeve jacket, she felt a searing pain on her left
forearm, and discovered she had been burned by the steam of a portable garment steamer that had
been left on and abandoned amongst the clothing racks.

21.

Plaintiff did not know of the existence of the hazardous and/or dangerous condition until
after she had been burned.

4

22.

From the time Plaintiff entered Ann Taylor and until the time she was injured, there were no signs, barriers or any kind of warnings near the location at which Plaintiff was burned to warn Plaintiff of the dangerous condition that existed where she traversed.

23.

Plaintiff's burn resulted in bodily injury.

24.

As a result of Defendants' negligence, Plaintiff sustained injuries, including, but not limited to the following:

a.  Second-degree burn, left forearm;

b.  Post-inflammatory hyperpigmentation, left forearm; and

c.  Pain, left forearm.

25.

As a result of Defendants' negligence, Plaintiff underwent medical treatment. Despite the best efforts of the medical community, Plaintiff suffers from residual effects from the injuries sustained as a result of Defendants' negligence.

26.

Plaintiff has also incurred pain and suffering, both past and present, which is anticipated to continue into the indefinite future.

27.

As a direct and proximate result of the Defendants negligence as set forth above, Plaintiff sustained bodily injury, endured and continues to endure pain and suffering, and incurred medical expenses.

5

## COUNT I – NEGLIGENCE

28.

Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 27 of her Amended Complaint in their entirety.

29.

Defendants owed a duty of ordinary care to Plaintiff to notify and warn her of the hazardous and/or dangerous condition that existed on the premises of Ann Taylor.

30.

Defendants knew or should have known of the existence of the hazardous and/or dangerous condition, and therefore were aware of the hazard that existed to persons entering Ann Taylor.

31.

As a result of hazardous and/or dangerous condition that existed on the premises of Ann Taylor, Defendants were negligent in the following particulars:

a. Failure to exercise ordinary care in keeping the premises and approaches safe pursuant to O.C.G.A. § 51-3-1;

b. Failure to protect invitees from harm and injury;

c. Failure to notify Plaintiff of the hazardous conditions that existed in the area;

d. Failure to notice a hazardous condition that existed in the area;

e. Creating or allowing a hazardous condition to exist by not unplugging or moving the portable garment steamer away from customer approaches on the premises of clothing retailer Ann Taylor;

f. Failure to post warning or other notices so Plaintiff and other such situated invitees knew of the dangerous condition; and

6

g. Failure to remedy or give warning to invitees such as Plaintiff of a dangerous condition.

## **COUNT II - RESPONDEAT SUPERIOR AND AGENCY**

32.

Plaintiff incorporates by reference, as if fully set forth herein, paragraphs numbered 1 through 27 of her Amended Complaint in their entirety.

33.

Defendants John Does I-II acted negligently while in the course and scope of their employment and/or agency with Defendant Ann Taylor.

34.

Under Georgia law, the acts of a servant are the acts of the master and thus Defendant Ann Taylor is responsible for the negligent and wrongful acts of Defendants John Does I-II.

35.

Georgia law places a duty on a business owner to protect against negligence committed by an employee of the business owner when the employee commits a tortious act while in the execution and scope of the owner's business.

36.

Every employer shall be liable for torts committed by a servant by his command on in the course and scope of the employer's business, whether the same is committed intentionally or negligently.

37.

Under Georgia law, an employer is responsible for torts committed by his employee when the employee does not exercise an independent business and is subject to the immediate direction and control of the employer.

7

## COUNT III - NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

38.

Plaintiff incorporates by reference, as if set fully set forth herein, paragraphs numbered 1 through 37 of her Amended Complaint in their entirety.

39.

Defendant Ann Taylor had a duty to retain its employees and/or agents in a reasonable and prudent manner.

40.

Defendant Ann Taylor also had a duty of ordinary care to the public in general and to Plaintiff Monica Velasquez to hire, train and supervise its employees and/or agents to ensure the appropriate standard of care was adhered to with respect to the performance of maintaining safe approaches on the premises for customers.

WHEREFORE, Plaintiff prays for the following:

a. That a Summons and Complaint be issued requiring Defendants be served as provided by law requiring Defendants to answer this Complaint;

b. That Plaintiff have a trial by a fair and impartial jury as provided by law;

c. That Plaintiff obtain a judgment against Defendants in a sum in excess of $15,000 to compensate her for her general and special damages; and

d. For such other relief as this Honorable Court deems just and proper.

*Signature on following page*

8

This the 12th day of February, 2021.

Respectfully submitted,

KATHRYN F. BURMEISTER
Georgia State Bar No. 367424

Burmeister Law Firm, LLC
300 Colonial Center Parkway, Suite 100
(770) 450-1155
(478) 238-0598 (fax)
kathryn@burmeisterlawfirm.com

9